IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MT. HOOD, LLC and KIRK HANNA,   Civ. No. 08-1068-AA

    Plaintiffs,   OPINION AND ORDER

  v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, et al.,

    Defendants.

---

Michael E. Farnell
James L. Guse
Emily S. Miller
Parsons Farnell & Grein, LLP
1030 S.W. Morrison Street
Portland, OR 97205
    Attorneys for plaintiffs

Christopher E. Hawk
Michelle R. Bernard
Gordon & Rees LLP
601 S.W. Second Avenue, Suite 2300
Portland, OR 97204
    Attorneys for defendant Travelers

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiffs Mt. Hood, LLC ("Mt. Hood"), and Kirk Hanna sued defendant Travelers Casualty and Surety Company of America ("Travelers") and 25 other insurance companies for breach of contract for refusing to defend plaintiffs in an underlying lawsuit. Travelers moves to dismiss plaintiffs' claim under Fed. R. Civ. P. 12(b)(6) on grounds that plaintiffs are not insured under the insurance policy issued by Travelers, or in the alternative, the underlying claims are not covered by the policy, and therefore Travelers has no duty to defend plaintiffs.[1] I grant Travelers' motion to dismiss as to Mt. Hood, and deny the motion to dismiss as to Hanna.

## I. BACKGROUND

Plaintiff Mt. Hood is an Oregon limited liability company which developed, constructed, marketed, and sold the Collins Lake Resort Chalets ("Chalets"), a multi-family recreational condominium facility. Plaintiff Kirk Hanna was a managing member of Mt. Hood and personally supervised the planning, development, construction, marketing, and sale of the Chalets. The Collins Lake Resort Homeowners Association ("HOA") is a non-profit corporation charged with managing the Chalets. According to the complaint, Hanna served on the HOA Board of Directors from its inception until June 28, 2006.

---

[1] Travelers also argues that it has no duty to indemnify plaintiffs, but because plaintiffs only sued Travelers on a duty to defend claim, I ignore the duty to indemnify arguments for purposes of this motion.

2 - OPINION AND ORDER

Case 6:08-cv-01068-AA    Document 183    Filed 03/03/09    Page 3 of 10

In June 2006, Travelers issued a Non-Profit Management and Organization Liability Insurance Policy ("Policy") to HOA, providing coverage to HOA and its named Insureds from June 1, 2006, to June 1, 2007. Specifically, the Policy insures HOA, any HOA subsidiaries, any "duly elected or appointed directors, trustees, or officers," and "employees, members of duly constituted committees or volunteers" of HOA for claims arising from "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed or attempted, or allegedly committed or attempted" by HOA or the named Insureds. The Policy definition of "claim" includes: "a written demand for monetary damages" and "a civil proceeding commenced by the service of a complaint or similar pleading" against the named Insureds.

The Policy contains special endorsements limiting coverage for actions of HOA Board members who are also Mt. Hood managing members. The Policy states that Travelers will not be liable for any losses in connection with any claim brought against such member after the end of the "policy year" in which the member ceases to serve on the HOA Board of Directors. The Policy defines "policy year" as "each year of the policy period beginning with the policy inception date and ending one year thereafter and each successive year until canceled or non-renewed."

The Policy also contains several exclusions from coverage. The Policy states that Travelers "shall not be liable to make any payment for Loss in connection with any Claim against any of the Insureds for or arising out of any damage, destruction, loss of use

3 - OPINION AND ORDER

or deterioration of any tangible property including without limitation, construction defects . . . ."

Finally, the Policy requires that Insureds give written notice to Travelers of an actual or foreseeable claim. If the actual claim is filed outside the policy period, Travelers will treat the claim as if it was made during the policy period if adequate notice was given.

On June 26, 2007, HOA and individual owners of the Chalets filed suit against Mt. Hood and Hanna seeking recovery of damages under theories of breach of contract, breach of express and implied warranties, negligence, negligence per se, negligent misrepresentation, and breach of fiduciary duties ("Lawsuit"). In the Lawsuit, HOA alleges that Mt. Hood and Hanna sold the Chalets with the knowledge that multiple construction defects existed, and failed to inform the members of the HOA of the construction defects, allegedly leading to severe property damage. Additionally, the Lawsuit alleges that Hanna breached his fiduciary duty by helping Mt. Hood avoid paying its share of monthly expenses, maintenance and repair costs, and its contributions to HOA's reserves.

Plaintiffs allege that they tendered defense of HOA's claims to Travelers on December 6, 2006. Travelers denied coverage and refused to defend plaintiffs on May 7, 2007, and again on August 2, 2007.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated

4 - OPINION AND ORDER

adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

Plaintiffs allege that Travelers breached its duties under the Policy by refusing to defend Mt. Hood and Hanna in the underlying Lawsuit brought by the HOA. Travelers argues there is no duty to defend because the Policy does not insure plaintiffs, or in the alternative, that the underlying claims against plaintiffs are not covered under the Policy.

A. Mt. Hood as Insured

Travelers argues Mt. Hood is not insured under the Policy and that there are no factual allegations in the underlying Lawsuit which establish that Mt. Hood is entitled to coverage under the Policy. The underlying Lawsuit alleges that Mt. Hood was a developer, general construction agent, and/or contractor of the Chalets. The Lawsuit does not allege that Mt. Hood is a subsidiary or an HOA Board member. Therefore, Travelers argues that Mt. Hood does not meet the definition of "Insured Persons" under the Policy.[2]

---

[2] In support of its motion to dismiss, Travelers submitted a declaration and attached a "specimen" insurance policy that Travelers asserts is the Policy in question. Plaintiffs argue a declaration is not sufficient, and that Travelers must attach a certified copy of the Policy to a

5 - OPINION AND ORDER

Plaintiff responds that the underlying Lawsuit treats Mt. Hood as if it was a Board member of the HOA and that the court must take these facts to be true. Plaintiff relies on allegations in the underlying Lawsuit that Mt. Hood owed fiduciary duties to and controlled the HOA, therefore implying Mt. Hood was on the HOA's Board of Directors. I disagree.

When determining if there is a duty to defend in the insurance context, the court looks to two documents: the insurance policy and the underlying complaint. Abrams v. Gen. Star Indemnity Co., 335 Or. 392, 396, 67 P.3d 931 (2003). In regard to the insurance policy, the court must determine from its terms and conditions what the parties intended the policy to cover. Marleau v. Truck Ins. Exch., 333 Or. 82, 89, 37 P.3d 148 (2001). The insurance policy must be viewed by its four corners and determined as a whole. N. Pac. Ins. Co. v. Hamilton, 332 Or. 20, 25, 22 P.3d 739 (2001). If a term is ambiguous it is construed against the drafter. Id.

The court then examines the underlying complaint to determine if it, without amendment, may impose liability for conduct covered by the policy. Marleau, 333 Or. at 89. If the allegations in the complaint are ambiguous or unclear, but a reasonable interpretation would bring them within coverage, then there is a duty to defend. Nat'l Union Fire Ins. Co. v. Starplex Co., 220 Or. App. 560, 572,

---

sworn affidavit in order to comply with Fed. R. Civ. P. 56(e). Curiously, plaintiffs do not offer the insurance Policy, even though their duty to defend claim is dependent upon the language of the Policy. Moreover, plaintiffs are not questioning the accuracy of the specimen policy, but only that Travelers did not submit it correctly. Therefore, I consider the Policy in this motion to dismiss.

188 P.3d 332 (2008).

When viewed as a whole, it is clear that the complaint does not allege that Mt. Hood was an HOA Board member. The underlying complaint alleges:

> Developer [Mt. Hood] was the initial owner of each unit and had the power to elect the officers and directors of the HOA before June 28, 2006. [Mt. Hood] exercised this power, on information and belief, electing Hanna as the <u>sole</u> officer and director. As such, Hanna owed a fiduciary duty to the Owners. At all material times before June 28, 2006, defendants controlled how the HOA was managed.

(Emphasis added). Plaintiff relies on the allegation that Mt. Hood and Hanna controlled how the HOA was managed prior to June 28, 2006. However, the complaint clearly states that Mt. Hood elected Hanna as the <u>sole</u> member of the Board of Directors, and makes no allegation suggesting that Mt. Hood was a Board member. Therefore, Mt. Hood is not covered as an Insured under the Policy.

In sum, Mt. Hood was neither a subsidiary of HOA nor on the HOA Board of Directors. Therefore, Mt. Hood is not covered under the Policy, and the motion to dismiss Mt. Hood's claim against Travelers is granted.

<u>B. Hanna as Insured</u>

Travelers argues that Hanna is not an Insured under the Policy, because HOA filed its underlying claim against him outside the Policy coverage period. The Policy excludes coverage for claims made against Hanna after the end of the Policy year in which he ceased to serve on the HOA Board of Directors. Hanna left the

HOA Board on June 28, 2006, and was no longer covered under the Policy as of June 1, 2007, the end of the policy year. Travelers argues that because the Lawsuit against Hanna was filed on June 26, 2007, after the end of the applicable Policy year, Hanna was not an Insured and it has no duty to defend him.

Plaintiffs counter that because they allegedly tendered defense of HOA's claim to Travelers on December 6, 2006, within the policy year, a "claim" for monetary damages was made against Hanna as defined under the Policy, and Travelers is obligated to defend Hanna. I agree.

Construing all inferences in plaintiffs favor, plaintiffs presumably tendered defense after they received a demand for monetary relief from HOA. In addition to a lawsuit, a "claim" is defined under the Policy as a demand for monetary relief. Therefore, a "claim" was made against Hanna during the Policy period and Travelers has a duty to defend Hanna.

Alternatively, plaintiff's tender of defense on December 6, 2006, can be construed as notice to Travelers of a potential claim. The Policy includes the following notice provision:

> If during the Policy Period the Insureds shall become aware of any Wrongful Act which may subsequently give rise to a Claim and shall give written notice to the Insurer as soon as practicable during the Policy Period . . . , then any Claim subsequently made against the Insureds <u>arising out of such Wrongful Act shall be deemed to have been made during the policy period.</u>

(Emphasis added). Presumably, plaintiffs tender of defense on December 6, 2006, gave notice of the claims against them during the

8 - OPINION AND ORDER

Policy period. Therefore, the Policy deems the underlying Lawsuit to have arose during the Policy period.

In sum, I find that Hanna is an Insured Person under the Policy because he was on HOA's Board of Directors and the claim arose, or notice was given to Travelers, during the Policy period.

C. Underlying Claims Covered Under Insurance Policy

Travelers also argues that it has no duty to defend because the underlying Lawsuit falls squarely within the Policy exception for claims made against the Insureds "for or arising out of any damage, destruction, loss of use or deterioration of any tangible property including without limitation, construction defects . . . ." Travelers argues the phrase "arising out of" should be broadly construed to exclude from coverage all claims in the underlying Lawsuit, because the damages sought in the Lawsuit are necessarily predicated on the alleged construction defects.

Plaintiffs respond that Policy coverage for "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty" (emphasis added) by an Insured includes the underlying claims against Hanna for breach of fiduciary duty. Plaintiffs argue that HOA's breach of duty claims are not necessarily predicated on the alleged construction defects, such as the allegations that Hanna helped Mt. Hood avoid paying its share of monthly expenses, maintenance and repair costs, and contributions to HOA's reserves.

Construing all inferences in favor of plaintiffs, the Policy does not exclude HOA's claim for breach of fiduciary duty, because

9 - OPINION AND ORDER

such claims could be interpreted to be unrelated to the construction defects. Therefore, I find Hanna's claim against Travelers survives the motion to dismiss, because Hanna was an HOA Board member and at least one underlying claim against Hanna is covered by the Policy.

### III.   CONCLUSION

For the reasons discussed above, defendant's Motion to Dismiss (doc. 42) is GRANTED as to plaintiff Mt. Hood and DENIED as to plaintiff Hanna.

IT IS SO ORDERED.

Dated this  3  day of March, 2009.


_____        _____/s/ Ann Aiken_____
                            Ann Aiken
                   United States District Judge